UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
EMPIRE FIRE AND MARINE INSURANCE COMPANY,

                                Plaintiff,

  -against-

IMAGE RENT A CAR INC., WIRELESS PROMOTIONS
CELLULAR INC., NEWTON GERMAIN,
JEFFRY MIDDLETON and EMMANUEL COICOU,

                                Defendants.

------------------------------------------------------------------X

**AFFIRMATION IN OPPOSITION TO MOTION FOR DEFAULT JUDGMENT AGAINST WIRELESS PROMOTIONS CELLULAR INC.,**

Case No.: 1:13-cv-05122 (ARR-JMA)

Documents Filed Electronically

MARTIN J. WEISER, an attorney at law, duly licensed and admitted to practice before the Courts of the State of New York and United States District Court for the Eastern District of New York, affirms the following to be true under penalty of perjury:

1.     I am a member of the law firm of WEISER & ASSOCIATES, L.L.P., attorneys for defendant, EMMANUEL COICOU, in this Declaratory Judgment Action and as such I am fully familiar with the facts and circumstances surrounding this action based upon your affirmant's knowledge and the legal file maintained by our office. This affirmation is being submitted in opposition to Empire's motion seeking a default judgment against defendant, Wireless and a determination that Empire no longer has a duty to defend or indemnify defendants Wireless and Germain with regard to the Coicou action pending in the Supreme Court, State of New York, County of Kings.

2.     Plaintiff Empire Fire and Marine Insurance Company calls its motion by a "motion for default judgment against Wireless Promotions Cellular Inc." However, in paragraph 9 of Adam A. Alster's, Esq., affirmation in support, counsel states "plaintiff Empire is entitled to a declaration that it does not have a duty to defend or indemnify Wireless with

1

regard to the Coicou action or the accident." It would appear that the subject motion is in fact a summary judgment motion.

3. If this is in fact a summary judgment then the same is dispositive in nature. Your affirmant does not know whether the referral to Magistrate Judge Azrack is for all purposes or whether, according to the rules, this motion should be referred to the Presiding District Court Judge. In either case, your affirmant would respectfully request a jury trial in the event that the motion is denied and a trial ordered.

4. Plaintiff Empire in its complaint for declaratory judgment acknowledges that it is currently <u>providing for the defense</u> of defendants Germain, Wireless and Image in the Coicou action, subject to an alleged timely reservation of rights.

5. It is alleged in paragraph 9 of the complaint that Wireless "was authorized to, and did, engage in the business of retail sales and automobile rentals in New York." This allegation is unsupported by any evidence. Additionally, paragraph 21 of the complaint contradicts the allegation that Wireless was involved in the rental business by stating "Image's motor vehicle was lent by Wireless to Image for its fleet of rental vehicles." Annexed hereto and marked Exhibit "A" is a certified copy of title in the name of Wireless Promotions Cellular to the vehicle in question.

6. It is of greater than passing interest to note that defendant Coiocu sustained the following grave injuries as a result of the subject motor vehicle accident:

    1. SUBDURAL BILATERAL HEMATOMAS;

    2. LEFT SIDED DURAL THICKENING OF THE BRAIN;

    3. SMALL-VESSEL ISCHEMIA OR DEMYELINATION OF THE BRAIN;

    4 DRAINAGE OF SUBDURAL HEMATOMA THROUGH LEFT FRONTAL BURR HOLE;

  5. DRAINAGE OF SUBDURAL THROUGH RIGHT FRONTAL BURR HOLE,

  6. COMPRESSION FRACTURE DEFORMITIES OF C3 THROUGH C6;

  7. FOCAL CORD IMPINGMENT AT C6-7 and C7-T1;

  8. HERNIATED DISC CAUSING CORD IMPINGMENT AT C3-4

  9. BROAD BASED HERNIATION AT L4-5;

  10. NEUROPSYCHOLOGICAL IMPAIRMENT SECONDARY TO CEREBRAL DYSFUCTION;

7. Empire acknowledges the existence of two liability insurance policies: one in the sum of $25,000.00/$50,000.00 (policy # SF0229728) and an excess policy in the sum of $5,000,000.00 for bodily injury (policy # SX0229728). The aforementioned policies cover defendant Image Rent A Car, as well as, defendant Wireless Promotions Cellular which is listed as an additional insured.

8. Plaintiff Empire acknowledges that defendant Wireless was dissolved as an entity in the State of New York in October 2010, approximately 9 months after the happening of this motor vehicle accident.

9. A deposition under oath was held of Emmanuel Coicou in the Supreme Court, Kings County action on January 27, 2012. At that deposition, plaintiff Coicou testified as follows:

  Page 38, Line 18:

  Q: Was your vehicle moving at the time of the accident?

  A: I was stopped.

  Q: For what reason was your vehicle stopped at the time of the accident?

  A: I was stopped because I was fixing something in the vehicle.

Q: What were you fixing in the vehicle?

A: I was fixing the GPS.

Page 46, Line 19:

Q: When you looked into the rear view mirror you said you saw another vehicle approaching your vehicle?

A: Yes.

Q: Where was the other vehicle when you first saw it?

A: Behind me, behind my vehicle.

Page 47, Line 16:

Q: Just so I am clear do you know whether or not that vehicle, when you first saw it was east of the intersection of Rockaway and South Conduit?

A: I simply heard the noise and I looked, and in about two seconds it struck my car.

Page 49, Line 21:

Q: Did you hear the sound of any horn? Did you hear the sound of any horn immediately before the accident?

A: No.

Q: What type of vehicle did you see when you looked into the rear view mirror?

A: A Toyota.

Page 50, Line 10:

Q: At the moment of impact where were you looking?

A: At the moment the vehicle ... the other vehicle struck my car. I was looking at the vehicle, that vehicle and I lost consciousness. I did not know anything else.

Q: Were you looking through your rear view mirror at the time of the impact?

4

        A:     Yes I was looking through the mirror.

Annexed hereto and marked Exhibit "B" are relevant pages from Ciocou's deposition together with a copy of the signature page and notarization.

10.    In it's complaint plaintiff acknowledges that Empire was notified of the accident on April 5, 2010, by defendant Image Rent A Car. Plaintiff Empire has not disclaimed coverage as a result of late notice.

11.    On July 18, 2013, a deposition of Image Rent A Car was held by witness Chana Vilenkin in the underlying Supreme Court, Kings County personal injury action. Ms. Vilenkin testified that she was a secretary employed by Image Rent A Car from 2004 until 2010 when Image ceased doing business. She testified that in April or May of 2010, Image Rent A Car was "bought out by a new company."

12.    On page 14, line 4 the following question was asked of Ms. Vilenkin:

    Q:    Did you ever hear the name Wireless Promotions Cellular Inc. at anytime from the date you commenced employment until the day when you were no longer employed by Image Rent A Car and you become employed by the other company?

    A:    Only with regard to this vehicle.

    Q:    To this vehicle. Now when you say "this vehicle" we are speaking of –

    A:    Toyota Camry.

    Q:    A 2010 Toyota, plate number ERS7279; is that correct?

    A:    Yes.

    Q:    So you are familiar with that vehicle?

    A:    Yes.

On page 15, line 17, the witness was shown plaintiff's 1 for ID a rental agreement which is annexed hereto as Exhibit "C." The following questions and answered

were recorded:

    Q:    Let me show you plaintiff's 1 for ID.

    Q:    Look at the document and tell me if you recognize it?

    A:    Yes.

    Q:    Okay, what is the document?

    A:    It's a rental agreement.

    Q:    Okay.. Just for the record the rental agreement is one single sheet but both side; is that correct?

    A:    Generally, yes.

    Q:    Plaintiff's 1 for Id we have copied on two separate sheets?

    A:    Yeah, they photocopied it like that.

Page 17, Line 12

    Q:    Now taking a look at what we marked plaintiff's 1 for Id can you tell me to whom the vehicle was rented on February 16, 2010.

    A:    I have here February 11th. I have February 11th.

    Q:    February $11^{th,}$ my apologies?

    A:    Jeffrey Middleton.

    Q:    Was Jeffrey Middleton in any manner connected with Image Rent A Car?

    A:    No.

    Q:    Was he simply a customer who came into rent a car?

    A:    As far as I know.

    Q:    Did Image Rent A Car ever do business, to your knowledge, with Jeffrey Middleton before this date?

    A:    I don't recall.

> Q: And this particular vehicle that was rented, which we mentioned before was plate number ERS7279, the 2010 Toyota four-door sedan, do you know who the titled owner of that vehicle was?
>
> A: Yes.
>
> Q: Who was that?
>
> A: Wireless Promotion.
>
> Q.: So would it be fair to say that Image Rent A Car did not own the vehicle that it rented to Jeffrey Middleton on February 11, 2010?
>
> A: Yes.

13. On page 26, Line 4, the witness was asked about an accident report filed with respect to this accident:

> Q: Do you recall if an accident report was ever prepared with regard to this particular accident?
>
> A: I have a copy that the driver filled out, not Jeffrey.
>
> Q: So you were aware of the fact that Jeffrey Middleton gave the vehicle to a relative to operate at least on one of those days during the rent period?
>
> A: At some point, yes.
>
> Q: Was that individual a Newton Germain?
>
> A: As far as I know, yes.
>
> Q: You mentioned an accident report. Was it Newton Germain who filled out an accident report for the company?
>
> A: He signed it, and it looks like I filled it out, but I don't recall when. Sometimes customers just sign it, and then I fill out the details.

14. On page 27 the following questions and answers refer to the accident report filed by Newton Germain:

Page 27, Line 8:

7

Q: For the record, I'm showing you Plaintiff's 2 for ID. I ask you to take a look at that document. This is a two-page document that purports to be a Driver's Accident Report; is that correct?

A: Yes.

Q: Is this accident report a record generally kept in the ordinary course of business of Image Rent A Car?

A: Yes.

Q: It is the ordinary course of business of Image Rent A Car to have this type of document filled out, explaining the facts and circumstances of an accident as told to you by the driver?

A: Yes.

Page 28, Line 5:

Q: Who wrote the driver's name?

A: I don't recall.

Q: But all the other identifying information listed as your vehicle was written by you?

A: Yes.

Q: Was that based upon a statement made to you or multiple statements made to you by Newton Germain, the driver?

A: I don't recall. It was probably based off the police report.

Q: Okay. You had the police report at that time in your possession?

A: I don't recall but probably.

Annexed hereto and marked Exhibit "D" is the aforementioned accident report marked 2 for ID at Ms. Vilenkin's deposition. Annexed hereto as Exhibit "E" is the statement by the renter Jeffrey Middleton. Further annexed hereto and marked Exhibit "F" is the Police Accident Report. Further annexed hereto and marked Exhibit "G" are relevant pages of the Vilenkin deposition.

15. The aforementioned exhibits together with the testimony of Ms. Vilenkin and the admission of the plaintiff Empire Fire & Marine in its complaint that notice was received from Image Rent A Car in April of 2010 unequivocally demonstrates that the insurance carrier was not hampered in its defense of Mr. Coicou's lawsuit. Those who were in a position to have knowledge of the facts and circumstances surrounding this accident have cooperated fully with the plaintiff in giving timely notice and testifying at a deposition under oath. Of course, your affirmant cannot speak for Newton Germain or Jeffrey Middleton. However, neither of these individuals were insureds under the policy which plaintiff seeks to void due to lack of cooperation.

16. As it is apparent from the deposition of Ms. Vilenkin defendant Wireless was not engaged in the daily business of renting motor vehicles, accordingly, Wireless could hardly supply the plaintiff with facts that would aid in the defense of the Coicou lawsuit.

17. Despite Coicou's aggressive attempts to obtain depositions of all of the parties, Coicou is now convinced that the testimony of defendant Wireless is unnecessary and will take no further action toward preclusion or other sanctions against these defendant in the state court action. Despite any suggestion to the contrary, Wireless has not been precluded in the state court action to date.

## **STANDING OF COICOU**

The Appellant Division of the Supreme Court, Second Department has held that an injured party has standing even though he has not obtained a judgment. Watson v. Aetna Casualty Surety Company, 246 A.D .2d 57, 2nd Dept., (1998); 675 N.Y.S.2d 367. The Appellate Courts have likewise held that coverage is a crucial issue to the plaintiff therefore the Doctrines of Collateral Estoppel and Res Ad Judicata apply. For these doctrines to apply the

plaintiff has to have a full and fair opportunity to be heard. Sabatino v. Capoo Trading Inc., 278 A.D 3rd 1019, 813 N.Y.S.2d 237 (3rd Dept.), 2006.

18. New York Insurance Law Section 3420 creates a condition precedent to an injured party bringing an action against an insurer for damages. The injured plaintiff must first obtain a judgment, enter same and serve notice of entry of the judgment on both the defendant and the insurance company. Subdivision 6B1 provides that "an action maybe maintained by any person, or personal representative of any person who, has obtained a judgment against the insurer or the insured's personal representative, for damages for injury sustained or loss or damage occasioned during the life of the policy or contract.

19. Although the underlying action in the New York State Supreme Court, Kings County is still in the discovery stage, the plaintiff Empire Fire & Marine insurance Company proactively brought this declaratory judgment action based on an alleged failure to cooperate. By joining Coicou as a defendant in this action, Empire has given Coicou standing to contest Empire's allegation that its insureds have failed to cooperate in its defense of the Coicou action. The standing to bring an action under Section 3420 of New York Insurance Law is different than the standing to contest a declaratory judgment action when the injured party is made a defendant. If the injured party is not given a full and fair hearing the doctrines of Collateral Estoppel and Res Ad Judicata will be inapplicable when an action is brought against the carrier after service of a judgment against the defendant.

## BURDEN OF CARRIER TO PROVE NON COOPERATION

When an insured <u>deliberately</u> fails to cooperate with its insurer in the investigation of a covered incident as required by the policy the insurer may disclaim coverage. However, in an effort to prevent innocent injured parties from being penalized due to a complete absence of

10

insurance coverage "for the imprudence of the insured, over whom he or she has no control", "a strong burden" is imposed upon the disclaiming insurer (see Mount. Vernon Fire Ins. Co. v. 170 East 106th Street Realty Corp., 212 A.D. 2d 419; 622 N.Y.S 2d 758 (1995). In Mount Vernon Fire Ins., the court went on to further state that "the circumstances do not clearly support an inference of willfulness." Since Marman was not present at the time of the accident, she had "no personal knowledge relevant to the defense and could have believed that her cooperation was not required since her testimony would be useless. Nor is there an indication that she had any motivation to refuse to cooperate."

20. Paragraph 98 of Empire's complaint states that an individual by the name Arye Bloom spoke with an investigator dispatched by Empire. It is stated that Bloom told the investigator he had been in Qatar during the accident and he did not understand why he needed to aid in the defense of Wireless. Bloom also stated that his brother actually owned Wireless. Surely, the comments of Mr. Bloom do not support an "inference of willfulness" or a "motivation to refuse to cooperate."

21. The complaint further alleges that the investigator spoke with an unknown man who agreed to provide Bloom with the letter of July 5, 2013. This letter allegedly requested his cooperation. The man allegedly refused to give his name or relationship to Bloom and would not provide the investigator with a contact number or current address for Bloom. In addition to the foregoing, the investigator claims to have spoken with a lady over an intercom who said she was not familiar with Wireless or Bloom (see paragraphs 104 and 105 of the complaint).

22. The New York Appellate Courts have applied a 3-pronged test to the insurer which is attempting to disclaim coverage for lack of cooperation. It must demonstrate (1) that it acted diligently in seeking to bring about insured's cooperation (2) that its efforts were reasonably

11

calculated to obtain insured's cooperation and (3) that the attitude of the insured was one of "willful and avowed obstruction" (see Thrasher v. United States Liability Insurance Co, 19 N.Y. 2d 159; 278 N.Y.S. 2d 793). The burden placed upon insurers to sustain the disclaimer based upon lack of cooperation is a heavy one. The courts are very strict in not upholding a disclaimer unless and until the court is satisfied that the insurer has met all three of these factors (see, e.g., Pawtucket Mut. Ins. Co. v. Soler, 184 A.D.2d 498, 584 N.Y.S.2d 192 (2nd Dept. 1992).

23. Empire's complaint acknowledges notice of this motor vehicle accident in April 2010. Suit was instituted by the plaintiff in the Supreme Court, Kings County on April 28, 2010.

24. Paragraph number 29 of Empire's complaint acknowledges that on July 8, 2010 by letter dated July 1, 2010, Coicou notified Empire that Wireless was served on May 14, 2010 and Germain on May 28, 2010 with the summons and complaint and they both failed to answer. As of September 13, 2013, the date of the declaratory judgment complaint Empire acknowledges in paragraph 42 of the complaint that it is "currently providing a defense to the Coicou action on behalf of Wireless and Image through White." The actions of Empire as reflected in its declaratory judgment complaint clearly indicate that it did not act diligently in seeking to bring about Wireless' cooperation. Additionally, knowing that Wireless was merely the owner of the Toyota and had no knowledge of the rental agreement, or contact with the renter or driver, it is clear that Empire's efforts were not reasonably calculated to obtain Wireless' cooperation, as this additional insured had nothing to offer which could aid in the defense of the Coicou lawsuit. Empire has failed to show this court that the attitude of Wireless was one of "willful and avowed obstruction."

25. There is a line of recent cases that hold that mere inaction by the insured, by itself, will not justify a disclaimer of coverage on the grounds of lack of cooperation (see New York Cent. Mut. Fire Ins. Co v. Brasil, 7 AD3rd 716, 77 N.Y.S.2d 174 (2nd Dept. 2004); New York

State Ins. Fund v. Merchants Ins. Co., of N.H. Inc., 5AD3d 449, 773 N.Y.S2d 431 (2nd Dept. 2004).

### TIME TO DENY

New York State Insurance Law §3420 gives an insurer little time to deny coverage when it has knowledge of the grounds to deny (see First Financial Ins. Co., v. Jetco Contracting Corp., 1 N.Y 3d 64 (NY 2003); West 16th Street Tenants Corp v. Public Service Mut. Ins., Co, 290 A.D.2d 278 (1st Dept.); 2002. A reservation of rights will not suffice to protect a carrier from an untimely denial of coverage. The denial must be issued to each tendering insured, including additional insureds. (see Consolidated Edison Co. v. USF&G, 693 N.Y.S2d 31 [1st Dept., 1999]). Failure to timely advise a claimant (plaintiff) can also result in the lost of the right to deny coverage from any judgment that the claimant may have against the insured. (Garay v. National Grange Mut. Ins. Co, 2004 U.S. App. Lexis 24086, 2d Cir. 2004).

26. The actions of Empire Fire & Marine in waiting more than two and a half years to disclaim coverage with regard to the additional insured, Wireless having full knowledge that Wireless was a dissolved corporation and could not contribute to the defense of the Coicou personal injury case, makes the conclusion inescapable that Empire is using this declaratory judgment action to escape financial responsibility to a profoundly injured plaintiff. The actions of Image Rent A Car in producing Chana Vilenkin, a previous employee of Image with knowledge of a rental agreement and the facts surrounding the subject accident, to testify at a deposition under oath clearly satisfies the responsibility of the insured to cooperate in this defense of the personal injury lawsuit. Neither Image, nor the additional insured Wireless had any knowledge or information that would be admissible in a court of law, which would aid counsel in

defense of the Coicou lawsuit. The insured Image and the additional Wireless cannot be held responsible for any lack of cooperation by Newton Germain, the operator of the motor vehicle or Jeffrey Middleton, the renter, as neither party were signatories to the insurance contract.

27. Section 388 of the Vehicle and Traffic Law of the State of New York states that every owner of a vehicle used or operated in this State shall "be liable and responsible for death or injuries to persons or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner." This section clearly establishes vicarious liability on the owner of the motor vehicle for the actions of the driver. Coicou's theory of liability with respect to defendant Wireless is based solely and wholly on the vicarious liability established statutorily by VTL §388. Coicou does not allege any other theory of liability directly against Wireless which would require the cooperation of Wireless to defend.

28. Plaintiff Empire Fire and Marine Insurance Company has failed to sustain its burden of proof with respect to proving lack of cooperation on behalf of defendant Wireless Promotions Cellular Inc., and accordingly, must honor its legal obligation to defend and indemnity this insured.

WHEREFORE, defendant Emmanuel Coicou prays for an order denying plaintiff's motion for summary judgment due to the existence of factual issues and request that this court set the matter down for a jury trial, together with such other and further relief as to this Court seems just and proper

Dated: New York, New York
      June 16, 2014

WEISER & ASSOCIATES, L.L.P.

By: _____
Martin J. Weiser, Esq. (MW-6966)
Attorneys for Defendant:
EMMANUEL COICOU
150 East 58th Street, 27th Floor
New York, New York 10155
(212) 213-3111

TO:   COUGHLIN DUFFY LLP
Wall Street Plaza
88 Pine Street, 28th Floor
New York, New York 10005
212-483-0105
Attorneys for Plaintiff:
Empire Fire and Marine Insurance Company


RICHARD A. KLASS, ESQ.
16 Court Street, 28th Floor
Brooklyn, New York 11241
Attorney for Defendant:
Image Rent A Car Inc.