```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X         For Online Publication Only
EMPIRE FIRE AND MARINE INSURANCE
COMPANY,

                    Plaintiffs,                                      **ORDER**
          -against-                                                  13-CV-5122 (JMA)


IMAGE RENT A CAR INC., WIRELESS
PROMOTIONS CELLULAR INC.,
NEWTON GERMAIN, JEFFRY
MIDDLETON, AND EMMANUEL COICOU,

                    Defendants.
----------------------------------------------------------X
```

**AZRACK, United States District Judge:**

Plaintiff Empire Fire & Marine Ins. Co. filed this declaratory judgment action against defendants Image Rent A Car Inc. ("Image"), Wireless Promotions Cellular Inc. ("Wireless"), Newton Germain, Jeffry Middleton, and Emmanuel Coicou. This case stems from an underlying personal injury action in which Coicou sued Image, Wireless, and Germain.

Wireless and Germain were served with the complaint in this action, but failed to appear or defend. The Clerk of Court subsequently noted the default of Wireless and Germain. Coicou and Image have appeared and defended this action. Currently pending are plaintiff's motions for default judgment against Wireless and Germain.

Plaintiff's motions for default judgment against Wireless and Germain are hereby denied without prejudice. Plaintiff may renew the motions after Coicou litigates this case on the merits. See Nat'l Cas. Co. v. Gateway Acoustics Corp., No. 12-CV-5920, 2014 WL 1330851, at *5 (E.D.N.Y. Mar. 31, 2014) (Amon, J., adopting report and recommendation of Orenstein, M.J.) (denying, in declaratory judgment action, motion for default judgment without prejudice to

reinstatement of the motion after newly joined parties litigate, on the merits, question of whether disclaimer of coverage was untimely); Nautilus Ins. Co. v. Watson, No. 11-CV-1061, 2012 WL 4097731, at *2 (D. Conn. Sept. 10, 2012) (denying motion for default judgment without prejudice in declaratory judgment action where one defendant defaulted, but others appeared); cf. Acceptance Ins. Co. v. Home Med. of Am., Inc., No. 04-CV-9338, 2005 WL 3471780, at *4 (S.D.N.Y. Dec. 20, 2005) (collecting cases and noting that "[o]ther courts have refused to enter a default judgment against a defaulting insured in declaratory judgment actions such as this where the injured parties have appeared").

SO ORDERED.

Dated: March 2, 2015
Brooklyn, New York

/s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK